# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANN WILBURN,<br><br>Plaintiff,<br><br>v.<br><br>ROSE MARIE DIANN,<br><br>Defendant. | Case No. 1:18-cv-01153-DAD-EPG<br><br>**ORDER DENYING MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(ECF No. 2) |

Deborah Ann Wilburn ("Plaintiff") is proceeding *pro se* in this action. (ECF No. 1.) On August 27, 2018, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

A civil action may proceed despite a failure to prepay the entire filing fee only if the party initiating the action is granted leave to proceed *in forma pauperis*. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The decision whether to grant leave to proceed *in forma pauperis* is in the sound discretion of the court. *See Calif. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

In applying to proceed *in forma pauperis*, a party must submit an affidavit that "state[s]

1

the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma paupers is not an unqualified one. It is a privilege, rather than a right"). The party "need not be absolutely destitute to obtain benefits of the *in forma pauperis* statute." *Id.* at 725. Nevertheless, the affidavit must show that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and dependents with the necessities of life." *Escobedo*, 787 F.3d at 1235 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Here, Plaintiff has failed to demonstrate that she is unable to pay the court's filing fee due to poverty or indigence. Plaintiff indicates that she receives "rent payments, interest or dividends," "disability or workers compensation payments" and income from other sources; but, she fails to identify "each source of money and state the amount received and what [she expects she] will continue to receive." Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied.

Based on the foregoing**,** IT IS HEREBY ORDERED that:

Plaintiff must either pay the filing fee or file an amended *in forma pauperis* application within fourteen (14) days of the date of this Order. If Plaintiff files an amended application, she must detail her assets and liabilities with particularity, definiteness and certainty to allow the Court to determine whether she is unable to pay the filing fee.

**No requests for extension will be granted without a showing of good cause. Failure to timely comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated: **August 29, 2018**        /s/ *Erin P. Group*
                                                     UNITED STATES MAGISTRATE JUDGE