UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANN WILBURN<br><br>Plaintiff,<br><br>v.<br><br>ROSE MARIE DIANN,<br><br>Defendant. | Case No. 1:18-cv-01153-DAD-EPG<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS** |

**I.     BACKGROUND**

On August 27, 2018, Deborah Ann Wilburn ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action by filing a Complaint against Rose Marie Diann ("Defendant"). (ECF No. 1.) Plaintiff alleges that Defendant was her case manager, and that Defendant sold her personal information and told her whereabouts to Jimmy Homando, a parolee. *Id.* Plaintiff further alleges that Defendant and Jimmy Homando have been harassing her. *Id.* As relief, Plaintiff seeks a subpoena. *Id.*

**II.    SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

1

the Court determines that the complaint fails to state a claim, it must dismiss the complaint. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

### III. DISCUSSION

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S.C. § 1331, federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983) (citations omitted)). "The

presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As explained by the United States Court of Appeals for the Ninth Circuit in *Provincial Gov't of Marinduque v. Placer Dome, Inc.*:

> Federal courts may exercise federal-question jurisdiction over an action in two situations. First, and most commonly, a federal court may exercise federal-question jurisdiction if a federal right or immunity is "'an element, and an essential one, of the plaintiff's cause of action.'" *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Thus, the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must "be disclosed upon the face of the complaint, unaided by the answer." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (per curiam). Second, a federal court may have such jurisdiction if a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Such a federal issue must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id*. at 313, 125 S.Ct. 2363.

582 F.3d 1083, 1086–87 (9th Cir. 2009).

Plaintiff states that her claims arise under federal law. Based on a review of the documents attached to the Complaint, Plaintiff has complained to the police that individuals are harassing her by following her and speaking on a horn all day long. (ECF No. 1 at 7-111).

Essentially, Plaintiff is alleging that private individuals are harassing her, and she has notified the police of the harassment. These allegations do not implicate any federal law or federal issue. And, Plaintiff does not identify any federal law or federal issue under which to evaluate her claims. Thus, the Court is without jurisdiction to adjudicate this action. Accordingly, Plaintiff fails to state a claim on which relief may be granted.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff fails to state any claim on which relief may be granted as the Complaint does not present any federal question that would invoke the Court's jurisdiction. Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim on which relief may be granted; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 25, 2018**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE